**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>J. Mark Coulson<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>P:(410) 962-4953 F:(410) 962-2985 |

January 31, 2022

LETTER TO COUNSEL

RE: *Renee T. v. Kijakazi, Commissioner, Social Security Administration*
    Civil No. 1:20-cv-03712-JMC

Dear Counsel:

On December 22, 2020, Renee T. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision denying her claims for a Period of Disability ("PD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). (ECF No. 1). The Court has considered the parties' cross-motions for summary judgment (ECF Nos. 13, 18). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). The Court must uphold an agency's decision if the decision is supported by substantial evidence and was reached through application of the proper legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, the Court will deny Plaintiff's motion and grant Defendant's motion. This letter explains my rationale.

Plaintiff has filed disability applications in the past, one of which is relevant to and addressed in the discussion below.[1] Presently at issue, Plaintiff filed claims for PD, DIB, and SSI[2] on May 29, 2018, alleging disability beginning April 1, 2018. (Tr. No. 479-498). Plaintiff's claims

---

[1] As summarized by the ALJ:
> The claimant has previously filed a Title II application for a period of disability and disability insurance benefits and a Title XVI claim for supplemental security income on September 12, 2011. The claims were denied initially on January 17, 2012, and upon reconsideration on November 7, 2012 (see Ex. B9A/4). On December 15, 2014, Administrative Law Judges issued a hearing decision finding that the claimant was not disabled through the date of such decision (Ex. B9A). The claimant has also previously filed a Title II application for a period of disability and disability insurance benefits and a Title XVI claim for supplemental security income on February 12, 2015, and she filed a Title II claim for widow's insurance benefits on November 6, 2014. The claims were denied initially on August 12, 2015, and upon reconsideration on November 24, 2015, and the claimant did not timely appeal these determinations. The claimant has also previously filed a Title II application for a period of disability and disability insurance benefits on June 25, 2016, and she filed a Title XVI claim for supplemental security income on June 9, 2016. The claims were denied initially on June 28, 2017, and upon reconsideration on October 3, 2017, and the claimant did not timely appeal these determinations.

(Tr. 28).

[2] Plaintiff also filed an application for Widow's Insurance Benefits on July 9, 2018. (Tr. 488). Plaintiff "voluntarily elected to withdraw her request for hearing" on that claim. (Tr. 28). The Court therefore does not address this application.

were denied initially on September 6, 2018, and again on reconsideration on April 16, 2019. (Tr. 192-202, 260-276). A hearing was held on April 15, 2020, before Administrative Law Judge (ALJ) Robert Baker, Jr. (Tr. 53-83). Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 24-52). The Appeals Council declined review and consequently the ALJ's decision constitutes the final, reviewable decision of the SSA. (Tr. 1-9).

In arriving at the decision to deny Plaintiff's claims, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform h[is] past work given the limitations caused by h[is] medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's RFC, "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect h[is] ability to work," by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If the claimant makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In the instant case, the ALJ found that Plaintiff had "not engaged in substantial gainful activity since April 1, 2018, the amended alleged onset date." (Tr. 31). The ALJ further found that during the relevant time frame, Plaintiff suffered from the severe impairments of "degenerative disc disease of the cervical and lumbar spine; status post cervical laminectomy and fusion surgery with decompression; left knee anterior cruciate ligament (ACL) partial tear and lateral meniscal tear with valgus and deformity; right shoulder ligament tear; and obesity (20 CFR 404.1520(c) and 416.920(c)). (Tr. 31). Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with sitting 6 hours total in an 8-hour workday, standing and/or walking 2 hours total in an 8-hour workday, and the following exceptions: lifting or carrying 8 pounds occasionally and 5 pounds frequently; pushing or pulling with the upper extremities as much as she could lift or carry; never operating left foot controls; occasionally climbing ramps or stairs; never climbing ladders, ropes, or scaffolds; occasionally balancing or stooping; never kneel, crouching, or crawling; never working at or near unprotected heights, moving mechanical parts, or vibration; and avoiding concentrated exposure to extreme cold.

(Tr. 35).

Applying Plaintiff's RFC, the ALJ determined that Plaintiff was able to perform past relevant work as an income tax preparer. (Tr. 40-41). Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. (Tr. 41).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

On appeal, Plaintiff advances two arguments: (1) Plaintiff "should not be bound by hearsay statements made about her tax preparer work in 2010-2014" and (2) the ALJ "cannot use objective medical evidence to evaluate the severity of [Plaintiff]'s mental impairment." (ECF No. 13, Ex. 1). For the reasons discussed below, I find that the ALJ's decision was supported by substantial evidence and the ALJ applied the appropriate legal standards. Therefore, I will deny Plaintiff's Motion for Summary Judgment (ECF No. 13), grant Defendant's Motion for Summary Judgment (ECF No. 18), and close this case.

## **ANALYSIS**

### I.   The ALJ's Use of Prior Decision in Determining Past Relevant Work

Plaintiff argues that the ALJ's use of a prior decision in determining past relevant work constituted impermissible "hearsay" because the prior decision was contradicted by Plaintiff's hearing testimony. (ECF No. 13, Ex. 1 at 8). When an ALJ adjudicates a disability claim under the same or different title as a prior claim, the ALJ is to consider the prior decision as evidence "and give it appropriate weight in light of all relevant facts and circumstances." Acquiescence Ruling 00-1(4). To determine the appropriate weight given to the prior decision, an ALJ should consider the following factors:

> (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

*Id.* In considering prior decisions generally, the determination affects the "substantial evidence rule" as opposed to "a direct application of the doctrine of claim preclusion or res judicata." *Troy B. v. Comm'r, Soc. Sec. Admin.*, No. CV DLB-19-325, 2019 WL 6684498, at *4 (D. Md. Dec. 6, 2019) (citing *Albright v. Comm'r, Soc. Sec. Admin.*, 174 F.3d 474, 477 (4th Cir. 1999)). As pertinent to Plaintiff's argument, "[p]ast relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). Substantial gainful activity is that which involves

3

significant physical or mental activities for which one does for pay or profit, whether or not a profit is realized. 20 C.F.R. § 404.1572(a), (b). The SSA will find that a claimant has engaged in substantial gainful activity where the claimant worked for substantial earnings, which is when a claimant earns a monthly average more than the monthly average amount for the previous year or is based on calculations from the national average wage index. 20 C.F.R. § 404.1574(a)(1), (b).

Here, in determining Plaintiff's past relevant work, the ALJ cited to both the prior decision and to current testimony. (Tr. 40). The ALJ cited to the prior decision to find that Plaintiff worked as an income tax preparer since 2010 and cited to current testimony and work history to note that Plaintiff had "continued self-employment as an income tax preparer through 2015." *Id.* The ALJ then relied on prior and current testimony in calculating Plaintiff's earnings for the years between 2010 and 2015 to determine whether the work classified as substantial gainful activity. *Id.* In compiling and assessing this evidence, the ALJ determined that Plaintiff's work as an income tax preparer constituted past relevant work. *Id.* In essence, the ALJ used the prior decision merely as a piece of evidence, and not as the sole indicator, in making that determination. Furthermore, the ALJ in the instant case limited Plaintiff more than as in the previous decision. There, the ALJ found Plaintiff capable of performing multiple past jobs. Conversely, in the current decision, the ALJ rejected certain findings from the prior decision, noting that they did not clearly show how long Plaintiff worked. *Id.* (Tr. 40). Such rejection not only displays that the prior decision was merely evidence, but also illustrates that the ALJ considered the appropriate weight to give the prior decision. In sum, the ALJ properly used the prior decision as just one piece of evidence in determining Plaintiff's past relevant work. Accordingly, remand on this basis is unwarranted.

## II.     Objective Evidence in Evaluating Mental Impairment

Plaintiff argues that the "ALJ cannot use objective medical evidence to evaluate the severity of [Plaintiff]'s mental impairment." (ECF No. 13, Ex. 1 at 9). Step two of the disability evaluation process "is a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments." *Stitely v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-144, 2014 WL 5834700, at *3 (D. Md. Nov. 10, 2014). To satisfy this step, the alleged impairment must: "(1) be severe—cause a significant limitation to the claimant's ability to do basic work activities, (2) be medically determinable, and (3) meet the durational requirement— have lasted or be expected to last for 12 months." *Id.* (internal citations omitted). If the claimant satisfies this step for at least one of her impairments, then the evidence for all her alleged impairments—whether they are found to be severe or not—are considered throughout the remainder of the disability determination process, namely in determining the RFC. 20 C.F.R. §§ 404.1529, 404.1545(a)(2). The RFC particularly considers "all the relevant evidence" of a claimant's "impairment(s), and any related symptoms, such as pain, [which] may cause physical and mental limitations that affect what [a claimant] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). The ALJ must consider all the available evidence, including the claimant's medical history, medical signs, statements by the claimant and her treating or examining physicians, objective medical evidence of pain, and any other information proffered by the claimant. *John Gary U. v. Saul*, No. CV ADC-19-3145, 2021 WL 37673, at *2 (D. Md. Jan. 5, 2021) (citing 20 C.F.R. §§ 404.1529(c)(1)–(3), 416.929(c)(1)–(3)).

Plaintiff's argument does not point to specific parts of the ALJ's decision that discounted her symptoms of mental impairment based on objective evidence (or lack thereof). Instead, Plaintiff generally states that the ALJ relied on objective evidence as it pertains to her mental impairment. Without clear direction, Plaintiff seemingly seeks a reweighing of the evidence, which is not within the purview of this Court. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (noting that the Court's role is to assess whether substantial evidence supports the ALJ's conclusion). Reviewing the decision broadly, the ALJ found Plaintiff's medically determinable mental impairment of depression was not severe because it did "not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." (Tr. 32). The ALJ properly assessed Plaintiff's mental impairment in determining that her depression was non-severe in noting the following: Plaintiff's testimony; that there was no "consistent diagnosis of depressive disorder by treating medical professionals in the record"; inconsistencies in Plaintiff's self-reports and alleged medication treatment; the timing between the alleged onset date and Plaintiff's first date of treatment/care. *Id.* The ALJ further noted that the record was devoid of mental treatment notes. (Tr. 33). The ALJ's decision indicates that Plaintiff's mental impairment was considered non-severe because it was not supported by evidence of record, not because objective evidence (or lack thereof) discounted its severity. Accordingly, the remand on this basis is improper.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is kindly directed to CLOSE this case.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____
J. Mark Coulson
United States Magistrate Judge